*1172 OPINION.
Milliken :
The first error concerns a credit of $5,000 to farm income which was intended to compensate the farm department for items of persona] expense of the president of the petitioner. It is averred that such credit was in error. No details showing how the amount of $5,000 was determined are now available. An accountant employed by petitioner, and the secretary-treasurer of the petitioner made, after the books of account for the fiscal year ended June 30, 1921, were closed, an analysis of the expenses of petitioner’s farm and as a result were of the opinion that the entry should have been for $1,405.09. The difference is a matter of speculation. The record affords no conclusive basis upon which we might determine that either the $5,000 added to farm income on the return or $1,405.09 now claimed, represented convincingly the farm expense as differentiated from the personal expenses of the president of petitioner. The assigned error at the hearing of this cause concerns the salary deduction claimed for the president of petitioner. On July 12, 1920, the petitioner was authorized to enter into a contract with O. L. Whiting, providing for the payment of a salary of $30,000 per annum. We are unable to determine if this contract was entered into and fulfilled. Whiting was paid or credited with $5,000 for the months of July and August. Further than this we are unable to determine. We are able to find from the record that the return filed by petitioner for the fiscal year ended June 30, 1921, claimed a deduction for salaries of officers amounting to $15,360, and apparently that amount was actually charged on the books, for the return reconciles in Schedule L the income reported in the return and the surplus and undivided profits shown by the books. The petitioner is a close corporation, with the entire capital stock, save two shares, held by its president, whose salary is now under consideration. The president drew a large amount of cash during the year, which was charged to his account. If Schedule L of the return is correct all of the intended salary of the president was not credited to his account and charged to expense, but we are unable to determine the amount that was actually charged up and included in the deduction of $15,360.
In the second issue, petitioner seeks to include in invested capital a value of $50,000 for a written contract of agency paid in for capital stock in 1920. The entire capital stock, save two shares, of petitioner was issued to Whiting and it is obvious that an interest and control of more than 50 per cent in the property taken over from Whiting remained in the same person and the limitations provided under section 331 of the Revenue Acts of 1918 and 1921, are applicable.
*1173 There is an entire lack of evidence of the cost of the agency contract to Whiting, if any, and no evidence of the value of the contract other than the most general opinion of Whiting, unsupported in any manner. The contract itself was not placed in evidence and we are uninformed as to its terms and provisions. We are unable to find any value allowable for the contract for invested capital purposes.
The second issue concerns withdrawals of cash by Whiting, president of the petitioner. It is in evidence and uncontroverted that they were loans and that no dividends were declared during the year by petitioner. We have before us no ground for an assumption that the payments were withdrawals of capital, and, therefore, find for the petitioner, reversing the respondent.
In the third issue, petitioner has failed to adduce evidence of an abnormality of either income or capital which would entitle petitioner to special assessment under the provisions of sections 327 and 328 of the Eevenue Acts of 1918 and 1921. Respondent is sustained.
Judgment will he entered on 15 days’ notice, under Rule 50.
Considered by Phillips, Marquette, and Van Fossan.